# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 08-0396V
Filed: June 4, 2014

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MATTHEW ANDERSON and <br> SUZANNE ANDERSON, <br> parents and natural guardians of, <br> N.C.A., a minor, <br>  <br> Petitioners, <br> v. <br>  <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br>  <br> Respondent. | Motion for Redaction of Fact Ruling; <br> 42 U.S.C. § 300aa-12(d)(4)(B); <br> Privacy; Medical Information; <br> Complete Anonymity; E-Government <br> Act; Freedom of Information Act (FOIA) |

* * * * * * * * * * * * * * * * * * * * * * * * * *

Robert Krakow, Law Office of Robert J. Krakow, P.C., New York, N.Y. for petitioners.
Alexis Babcock, U.S. Department of Justice, Washington, D.C. for respondent.

## ORDER DENYING PETITIONERS' MOTION FOR REDACTION[1]

**Vowell,** Chief Special Master:

On February 14, 2014, petitioners filed a motion requesting that "their names, the minor child's initials,[2] the names of the minor child's medical providers and affiliated institutions, the names of the minor child's teachers and therapists and their affiliated institution[s], including school and school district names, geographical information that would serve to disclose [their] location of residence and the information in their proposed deletions" be redacted from my January 31, 2014 fact ruling before it is posted. "Petitioners' Motion for Deletion of Information Contained in 'Ruling on Facts Pertaining to Onset and Causation' Filed on January 31, 2014" ["Pet. Motion"] at 13-14. In accordance with Vaccine Rule 18(b), petitioners attached a proposed redacted

---

[1] This order will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] Throughout the fact ruling, the initials used to identify the minor child were a shorter version of those appearing in the case caption.

version of my ruling.  *See* Petitioners' Exhibit ["Pet. Ex."] 24.  Although petitioners did not include the case number[3] assigned to their claim in this comprehensive list and did not highlight the case number in their redacted version (*see* Pet. Ex. 24 at 1), in their motion, they also request that the "docket number" be deleted.  Pet. Motion at 6.

Respondent filed her response on February 27, 2014, indicating she "takes no position on petitioners' motion."  Respondent's Response to Pet. Motion at 2.

In spite of the provisions of § 12(d)(4)(B) of the Vaccine Act,[4] which limits redactions to trade secrets, certain commercial or financial information, and medical or similar files, petitioners request the "deletion of *any* item of information that would link the identity of the petitioners to any personal medical, educational or related information" contained in my ruling.  Pet. Motion at 14.  In essence, petitioners are striving for complete anonymity in seeking protection from the disclosure of information contained in my ruling.  Rather than arguing that the release of specific educational and medical information would constitute a clearly unwarranted invasion of privacy, petitioners request that I delete any information that could possibly link them to the ruling.  For the reasons discussed below, I deny petitioners' request but will order *sua sponte*[5] the redaction of the minor child's birthdate to reflect only the year.  Unlike petitioners' requested redactions, the redaction of the birthdate is permitted under the legal limitations discussed below.

## I. Statutory Provisions Regarding Disclosure of Information.

Section 12(d)(4)[6] of the Vaccine Act governs the disclosure of information

---

[3] The case number is an identifying number assigned to each case by the court.  Thus, it is not clear that this number would be considered information to be redacted under § 12(d)(4)(B).

[4] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. §§ 300aa-10 et seq. (2006).  All citations to the Vaccine Act in the decision will be to 42 U.S.C. § 300aa.

[5] Petitioners did not request that their child's date of birth be redacted.  *See* Pet. Ex. 24 at 11 n.23, 16 (petitioners' proposed version of my ruling with non-highlighted date of birth).

[6] Section 12(d)(4) provides:

> (A) Except as provided in subparagraph (B), information submitted to a special master or the court in a proceeding on a petition may not be disclosed to a person who is not a party to the proceeding without the express written consent of the person who submitted the information.
>
> (B) A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information--
>
> > (i) which is trade secret or commercial or financial information which is privileged and confidential, or
>
> > (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

2

submitted during a vaccine proceeding.  The language of § 12(d)(4) is incorporated into Vaccine Rule 18.

Under § 12(d)(4)(A), information may not be disclosed without the written consent of the party who submitted the information.  Thus, Congress protected any information submitted by a party from public view, effectively sealing pre-decisional Vaccine Act proceedings.

However, Congress required disclosure of vaccine decisions, while allowing the parties to seek redaction of specified types of information.  § 12(d)(4)(B).[7]  A party who submitted "trade secret or commercial or financial information which is privileged and confidential" (§ 12(d)(4)(B)(i)) or "medical files and similar files the disclosure of which would constitute a <u>clearly unwarranted invasion of privacy</u>" (§ 12(d)(4)(B)(ii) (emphasis added)) could object to its inclusion in the publicly available decision.

Obviously, there is tension in § 12(d)(4).  On one hand, the statute provides that information submitted by a party is completely protected from disclosure to third parties, absent the written consent of the party providing it.  § 12(d)(4)(A).  On the other hand, the statute requires decisions[8] of special masters to be disclosed, with provisions for

---

       and if the person who submitted such information objects to the inclusion of such
       information in the decision, the decision shall be disclosed without such information.

[7] Congress added this section in amendments it made to the Vaccine Act in 1989.  P.L. No. 101-239, 103 Stat. 2106.  The legislative history for these changes is silent as to the reasons for adding the requirement that decisions of special masters be disclosed.  The language prohibiting disclosure of information submitted during vaccine proceedings without written consent (which now appears at § 12(d)(4)(A)) was originally located at the end of the paragraph describing the special masters' discovery powers (§ 12(c)(2) (Supp. V 1988)).  In the 1989 amendments, this non-disclosure provision (which abrogated the common law rule that court filings are open to public scrutiny (*see* discussion in Section II.B.1. below)) was moved to § 12(d)(4)(A) and the new directive requiring the disclosure of vaccine decisions was added in § 12(d)(4)(B).  *See* H.R. Conf. Rep. 101-386, at 512-13 (1989), *reprinted in* 1989 U.S.C.C.A.N. 3018, 3115-16; *see also Castagna v. Sec'y, HHS*, No. 99-411V, 2011 WL 4348135, at *6-7 (Fed. Cl. Spec. Mstr. Aug. 25, 2011) (for a comprehensive discussion of the legislative history of the Vaccine Act and the 1989 amendments).  Included in the 1989 amendments was the authority for special masters to issue final decisions in vaccine cases.  § 12(d)(3)(A).

[8] My fact ruling is not an appealable "decision" within the meaning of the Vaccine Act.  *See, e.g.*, *Weiss v. Sec'y, HHS*, 59 Fed. Cl. 624 (2004) (holding the special master's preliminary ruling rejecting petitioners' medical opinion and dismissing one of three claims was not subject to review).  However, my ruling provides a reasoned explanation for my factual findings, which are dispositive of some of the matters in controversy and must be disclosed under the E-Government Act of 2002, Pub.L. No. 107–347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  *See Access to Court Information Ever Expanding*, The Third Branch (Newsletter of the Federal Courts), July 2007, at 3, *available at* www.uscourts.gov/uscourts/news/ttb/archive/2007–07% 20Jul.pdf (The E–Government Act requires disclosure of "written opinions," and the Judicial Conference has defined that term as "any document issued by a judge . . . that sets forth a reasoned explanation for a court's decision."); *see also Report of the Proceedings of the Judicial Conference of the United States 7* (Mar. 15, 2005), *available at* www.uscourts.gov/FederalCourts/JudicialConference/Proceedings/Proceedings.aspx?doc=/uscourts/FederalCourts/judconf/proceedings/2005–03.pdf (approving the definition).  In keeping with the E-Government Act's disclosure requirements, fact and other rulings, although not case dispositive, have

redacting certain categories of information.  These categories include "medical files and similar files," but only when disclosure "would constitute a clearly unwarranted invasion of privacy."  § 12(d)(4)(B)(ii).

In enacting § 12(d)(4), Congress struck a different balance between privacy interests pre- and post-decision.  Everything, without exception, is protected pre-decisionally, absent consent to disclose.  Post-decisionally, however, disclosure is the default setting for decisions of the special masters, unless the party objecting to disclosure can demonstrate that the information is both the type for which protection is provided and, if medical or similar records, that the disclosure would constitute a "clearly unwarranted invasion of privacy."  This caveat is significant because Congress could have protected all information in a decision drawn from medical files.  It did not.  Given the nature of the Vaccine Act cases, eliminating all medical or similar information from decisions would render them unintelligible and entirely uninformative to the public.  Instead, Congress protected only a much narrower category of medical information.  A "clearly unwarranted invasion of privacy" thus, cannot mean all medical or similar information.

Three years after the addition of § 12(d)(4)(B), Congress enacted the E-Government Act of 2002[9] in an effort to improve public access to government information and services.  Under § 205, which applies to all federal courts, Congress required the courts to establish and maintain websites where the public can view information including "all written opinions issued by the court" (published and unpublished).

Because of privacy and security concerns associated with this increased public access, Congress instructed the Supreme Court to "prescribe rules" to address these concerns. E-Government Act § 205(c)(3).  In response, the federal courts adopted Federal Rule of Civil Procedure ["FRCP"] 5.2.  Approximately a year later, the United States Court of Federal Claims incorporated FRCP 5.2, minus subsection c (which deals with Social Security appeals and Immigration cases), into its Rule 5.2.[10]  Rule 5.2 allows a party to use an abbreviated version of certain personal information when filing documents with the court.  Under this rule, a party may use a minor's initials instead of a full name (RCFC 5.2(a)(3)) or the year for any birthdate (RCFC 5.2(a)(2)).  In keeping with this protection, Vaccine Rule 16 was amended in 2011 to allow the use of the minor's initials in the caption.  *See* Vaccine Rule 16(b).

In accordance with Vaccine Rule 16(b) and the heightened privacy concerns for minors, I recently ordered, *sua sponte,* the amending of captions in cases assigned to me to reflect only the initials of any minor.  This case was one of those in which I

---

been treated as "decisions" under § 12(d)(4)(B)(ii).

[9] E–Government Act of 2002, Pub.L. No. 107–347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In later citations, I will refer simply to the E-Government Act.

[10] When referring to this rule, I will cite to the Rules for the Court of Federal Claims ["RCFC"] version.

4

ordered the caption changed.  *See* Order, issued Dec. 11, 2013.  I am similarly ordering the redaction of the minor child's birthdate in this order.  Thus, my ruling already contains only the initials of the minor child and will be redacted to reflect only the year for the minor child's birthdate.

## II. Analysis of Petitioners' Request.

A.  Petitioners' Arguments.

Petitioners insist that the replacement of their child's name with her initials is not sufficient to protect her privacy due to information already a part of the public record or known by those in their community.  Pet. Motion at 3.  Petitioners therefore request that <u>all</u> identifying information be deleted.  *Id.* at 14.  Otherwise, petitioners claim that any "investigator" or "inquiring person (such as a teacher, school administrator, doctor, hospital administrator or government official)" could link their child with the medical and educational information in my ruling.  *Id.* at 6.  Petitioners argue that the risk of "improper and objectionable disclosure" is greater due to the controversial nature and heightened public scrutiny associated with autism cases (*id.* at 13) and contend this link could be established using petitioners' names when performing "a simple 'Google' type search" (*id.* at 3).  They claim an internet search by docket number or name could produce a copy of the Pacer docket, listing the full names of petitioners and their minor child.[11]  Pet. Motion at 7 n.3.  Along with their motion for redaction, petitioners filed a copy of the results of a search they performed.[12]  *See* Pet. Ex. 25.

As support for their request, petitioners cite to decisions which exempt identifying information from the disclosure requirements of the Freedom of Information Act (FOIA).[13]  Pet. Motion at 7-9.  They urge me to apply the same balancing test to reach a similar outcome under the Vaccine Act, as was done in *W.C. v. Sec'y, HHS*, 100 Fed. Cl. 440 (2011), *aff'd on other grounds*, 704 F.3d 1352 (Fed. Cir. 2013).  Pet. Motion at 10-12.  They ask that I reject the special master's findings in *House v. Sec'y, HHS*, No. 99-406V, 2012 WL 402040 (Fed. Cl. Spec. Mstr. Jan. 11, 2012), distinguishing *W.C.*

---

[11] I note that, pursuant to the requirements of § 12(b)(2), the names of petitioners and their child were posted in the Federal Register shortly after the petition was filed.  73 Fed. Reg. 72065, 72069 (Nov. 26, 2008).

[12] Petitioners did not specify what search engine or terms were used to produce this result.  Using the search engine Google, I entered a variety of combinations of their names and docket number.  The only time I found this result (or any mention of the claim) in the first five pages of the search returns was when I entered the minor child's full name without docket number.  If the docket number was entered with any combination of names, including the minor child's full name, various results appeared, none of which were related to this case.  If the minor child's name was entered without her middle name, the search generated results involving two actresses, an author, and a geologist.  Adding her parents' names or the term "autism" made no difference.

[13] *See U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991); *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222 (N.D.N.Y. 2011).  In particular, petitioners cite to *Long*, a case involving information submitted during vaccine proceedings.  I discuss this case in more detail below in Part B.2.

and holding the analysis employed in FOIA cases to determine if information is exempt from disclosure is not applicable when deciding what information in vaccine decisions should be redacted.[14]  Pet. Motion at 9-10.

Petitioners indicate their request is motivated by a desire to protect their family's privacy but "is based primarily on their substantial need to protect the privacy of their minor child."  Pet. Motion at 2.  Petitioners assert their minor child "has a substantial interest in maintaining the privacy of her medical and educational information" (*id.* at 2-3) and claim that its disclosure "would cause irreparable damage to [their] minor child" (*id.* at 4).  Other than maintaining the information is "personal" and "private" (*id.* at 2, 5), petitioners do not explain how or why its disclosure would harm their child.

Regarding their request to redact the names of healthcare and other service providers, petitioners expressed concern about the effect disclosure would have on the relationship with service providers and care received by their child.  Petitioners argue that disclosure would "violat[e] and impair[] the providers' confidential relationship" and "could be deleterious to the professional efforts and involvement of the providers."  Pet. Motion at 6.  Again, petitioners failed to expound on the specific harm they anticipate.  I note that the vast majority of special masters' decisions reflect the names of treating physicians, and that no evidence of negative effects on doctor-patient relationships has been proffered.  I also note that one of the educators whose name was included in the redaction request testified at the fact hearing in this case.

Petitioners argue that redaction of this information is appropriate under § 12(d)(4)(B)(ii).  I disagree.

B.  Analysis.

Petitioners' argument suffers from the same flaw as the argument of petitioners in several recently decided cases.[15]  Rather than complying with the statute and establishing that the disclosure of particular information would constitute a clearly unwarranted invasion of privacy, petitioners assume they are entitled to protection from the disclosure of all educational and medical information contained in my ruling.  As in *Langland*, "[p]etitioners' premise is that the vaccinee is entitled to redaction of all medical information on privacy grounds, and that since such redaction would render the

---

[14] Other special masters have reached the same conclusion.  *See Castagna*, 2011 WL 4348135, at *17-19; *Langland v. Sec'y, HHS*, No. 07-36V, 2011 WL 802695, at *5 n.9 (Fed. Cl. Spec. Mstr. Feb. 3, 2011).  *But see C.S. v. Sec'y, HHS*, No. 07-293V, 2013 WL 4780019, at *2-5 (Fed. Cl. Spec. Mstr. Aug. 19, 2013) (The special master adopted the analysis in *W.C.* and applied the same analysis used in FOIA cases to grant the adult petitioner's request to redact her name to initials.).

[15] *See House*, 2012 WL 402040 (denying petitioner's request to redact all medical information, including the removal of all references to his injury, symptoms, diagnostic tests, and the medical specialty of respondent's expert witness); *Castagna*, 2011 WL 4348135 (denying petitioner's request to redact medical and financial information, including her injury, vaccine received, compensation awarded and name); *Langland*, 2011 WL 802695 (redacting the minor child's name to initials and birthdate to year, but denying any additional redaction).

decision incomprehensible, all identifying information should be redacted instead." 2011 WL 802695, at *5. I agree with the conclusion of the special master in *Langland* that "the flaw in [p]etitioners' argument is their premise that all medical information must be redacted." *Id.* (emphasis added).

    1. Complete Protection from Disclosure (Total Anonymity).

The disclosure scheme that petitioners propose is not the disclosure scheme that Congress devised. Although Congress protected information submitted during vaccine proceedings (§ 12(d)(4)(A)), it specifically instructed that decisions in vaccine cases be disclosed (§ 12(d)(4)(B)). In directing special masters to include both findings of fact and conclusions of law in their decisions (§ 12(d)(3)(A)), Congress must have understood that these decisions would contain personal and medical information. Instead of giving petitioners the right to demand redaction of information they wish to keep private, Congress permitted redaction only in the limited circumstances set forth in §§ 12(d)(4)(B)(i) and (ii).

The Congressional mandate to disclose decisions in vaccine cases is reflective of the common law right favoring public access to judicial records and proceedings. *See Langland,* 2011 WL 802695, at *7 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978)). This common law right "is essential to the preservation of our system of self-government." *Miller-Holzwarch, Inc. v. United States*, 44 Fed. Cl. 153, 154 (1999).[16] The public and press also have a First Amendment interest in the disclosure of judicial opinions. *VA Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *see also Doe v. Public Citizen*, ___ F.3d ___, 2014 WL 1465728, at *14 (4th Cir. Apr. 16, 2014) (discussing the differences between the right of access afforded by common law and the First Amendment). A party seeking to overcome the strong presumption favoring disclosure must give compelling reasons that outweigh the public interest in disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Given the choice, most litigants would prefer to keep their personal information private. However, to overcome the presumption for public access, a petitioner must establish a compelling reason, tailored to meet the individual interest it serves. *Langland*, 2011 WL 802695, at *7-8.

Disclosure of vaccine decisions also serves the Vaccine Act's goals of providing quick, easy, certain, and generous compensation to vaccine-injured persons, improving vaccine safety, and imparting to the public accurate information involving the risks and safety of vaccines. *See* H.R. REP. NO. 99-908, at 3-7 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6344, 6344-48. "As Congress recognized, the public needs to know whether, when, and in what circumstances vaccines are determined to cause injuries."

---

[16] Recognizing the common law right of public access to judicial records, the judge determined that potential harm to reputation was not a sufficient justification to place her opinion imposing sanctions on the plaintiff and plaintiff's counsel under seal.

7

*Langland*, 2011 WL 802695, at *9.

      While it is true that redacting information such as petitioners' names would not impact the public's access to other more relevant information, doing so is not in keeping with the system Congress devised in § 12(d)(4)(B). The fact that Congress specifically required notice that vaccine petitions had been filed demonstrates that it did not intend petitioners in these proceedings to be anonymous. *See* § 12(b)(2). In § 25 of the Vaccine Act, Congress addressed concerns about disclosure of information provided to HHS, not judicial decisions, and expressly prohibited the release of identifying information in response to FOIA requests. § 25(c)(1). Congress could have included a similar prohibition in §§ 12(b)(2), 12(d)(3), and 12(d)(4)(B) but did not. Clearly, Congress did not envision a system where petitioners' right to privacy was absolute.

      Petitioners ask that I deviate from the system created by Congress and grant them complete privacy by ensuring they remain anonymous but, as the special master in *Langland* concluded, "[n]o statute, rule, or decision supports [p]etitioners' request for total anonymity." 2011 WL 802695, at *1. Congress did not create a totally private (anonymous) system to adjudicate vaccine claims. *Castagna*, 2011 WL 4348135, at *1, 11.

      As a special master, my authority originates from the Vaccine Act. *Patton v. Sec'y, HHS*, 25 F.3d 1021, 1027 (Fed. Cir. 1994). Thus, I have "no inherent authority to order redaction of private information." *Langland*, 2011 WL 802695, at *2. Having already amended the caption to reflect the minor's initials and now ordering the redaction of the minor child's birthdate in accordance with RCFC 5.2(a)(2) and the E-Government Act, I intend any future action to comport with the requirements of § 12(d)(4)(B)(ii).[17]

      2. A Clearly Unwarranted Invasion of Privacy.

      Before redaction is appropriate under § 12(d)(4)(B)(ii), the information to be redacted must be shown to "constitute a clearly unwarranted invasion of privacy." Because this language mirrors that found in one of the exemptions to the disclosure requirements under FOIA (known as exemption 6),[18] petitioners urge me to adopt a balancing test similar to the one employed in FOIA cases addressing this exemption as was done in *W.C.*, 100 Fed. Cl. 440, *aff'd on other grounds*, 704 F.3d 1352. Pet. Motion at 10-12.

---

[17] Because the decision does not contain "trade secret or commercial or financial information" (§ 12(d)(4)(B)(i)) and petitioners expressly argue that disclosure would "constitute a clearly unwarranted invasion of privacy" (Pet. Motion at 10), I need only determine if petitioners have satisfied the requirements of § 12(d)(4)(B)(ii).

[18] 5 U.S.C.A. § 552(b)(6). This section exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id.* In later citations, I will refer simply to the appropriate subsection of FOIA.

Petitioners cited to *Long*, 778 F. Supp. 2d 222, a case involving Vaccine Program information determined to meet the requirements of exemption 6 (disclosure would constitute a clearly unwarranted invasion of privacy) and argue that I should reach a similar conclusion in this case. Pet. Motion at 8-13. I disagree and find that it is not appropriate to apply the same analysis used in FOIA cases to determine if redaction of information in vaccine decisions is justified. Additionally, I conclude that petitioners have not established that disclosure of the information they seek to redact would constitute a clearly unwarranted invasion of privacy under § 12(d)(4)(B)(ii).

      a. The Difference in Analyses under FOIA and the Vaccine Act.

When deciding whether the disclosure of information about an individual would constitute a clearly unwarranted invasion of privacy in FOIA cases, courts have balanced the individual's privacy rights against FOIA's purpose – increasing the transparency of government actions. *See, e.g., Dep't of the Air Force v. Rose,* 425 U.S. 352 (1976) (discussing Congress's intent in crafting this exemption). Although the similarities in language suggest a similar balancing act be employed for § 12(d)(4)(B)(ii) of the Vaccine Act, there are a number of differences between the two branches of government involved and the common law applying to each. *See Castagna*, 2011 WL 4348135, at *15 (warning that despite similarity in language, parallels should not be drawn when the statutes involved lack a common purpose and relate to different people and entities).

What constitutes a clearly unwarranted invasion of personal privacy under FOIA's exemption 6 has little applicability in determining if disclosure of a judicial decision would result in a clearly unwarranted invasion of privacy under § 12(d)(4)(B)(ii) of the Vaccine Act. Most significantly, there is a common law right of public access to judicial decisions (*In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon*, 435 U.S. at 597-99)) but there is no common law right of public access to information held by government agencies. The enactment of FOIA provided a statutory right, tempered by various exceptions.

The two statutes have different aims and purposes. While FOIA mandates disclosure of information in an effort to produce open and transparent government, the Vaccine Act addresses concerns as diverse as ensuring an adequate supply of vaccines by protecting vaccine manufacturers from burdensome litigation, providing those injured by vaccines a no-fault, streamlined alternative to costly tort litigation, and improving public confidence in vaccine safety. The disclosure requirement found in § 12(d)(4)(B) serves each of these functions. The disclosure requirement provides information to the public about vaccines, their side effects, and their general safety.

A FOIA plaintiff seeks disclosure from the government. When the government opposes such disclosure under exemption 6, it stands in the shoes of the individual whose privacy interests are at stake. It must establish that the disclosure would constitute a clearly unwarranted invasion of that person's personal privacy. In contrast, a tort plaintiff or Vaccine Act petitioner places his or her own medical condition and

other personal information in issue when a claim is filed. Rather than seeking information about a third party to improve government transparency, a Vaccine Act petitioner who seeks redaction (and particularly one who seeks such sweeping redactions as are requested here) seeks to lock the window, drop the blinds, and draw the curtain to impede the transparency of the judicial process, thwarting the aims of the Act as well as its plain language.

In FOIA cases, the government agency opposing disclosure due to exemption 6 has the substantial burden of establishing that the information should be exempted from disclosure. "[E]xemptions from disclosure must be narrowly construed." *Morley v. CIA*, 508 F.3d 1108, 1114-15 (D.C. Cir. 2007) (citing *Vaughan v. Rosen*, 484 F.2d 820, 823, 828 (D.C. Cir. 1973)). In vaccine cases, petitioners are seeking an exception to the general mandate to disclose. Petitioners who want information redacted must establish disclosure would constitute a clearly unwarranted invasion of privacy.

Finally, the type of information involved is different. In FOIA cases, plaintiffs seek information regarding the operation of government agencies which may include the personal information of a third party[19] or employee of the agency,[20] not otherwise available to the public. Since these individuals did not initiate the proceedings and are often only tangentially involved, the government is tasked with arguing for the protection of information on behalf of those individuals if it believes such protection is justified. Exemption 6 would never apply to the personal information of the individual making the FOIA request. In contrast, petitioners in this case seek to protect their child's and their own personal information.

      b. Petitioners' Reliance on *Long.*

As support for their position, petitioners point to *Long*, 778 F. Supp. 2d 222. In *Long*, the plaintiffs filed a request for information under FOIA. They sought information from the Department of Justice's ["DOJ's"] Civil Division case management system database (CASES) regarding the vaccinations involved in claims filed under the Vaccine Act. *Id.* at 224. In particular, plaintiffs asked for the type of vaccines involved in these claims and date the vaccines were administered.

At first, thinking this information originated from the Vaccine Adverse Events Reporting System (VAERS), DOJ argued that § 25 of the Vaccine Act prohibited its disclosure. DOJ's argument was deemed to be insufficient and the release of the information was ordered. *Long*, 778 F. Supp. 2d at 225-26. When seeking reconsideration of the court's decision, the government's attorney realized the information was gathered from petitions filed in the Vaccine Program and was, thus, protected from disclosure under § 12(d)(4)(A) and FOIA's exemption 3 (§ 552(b)(3)). *Id.*

---

[19] *See Long,* 778 F. Supp. 2d 222, which is discussed in detail in subpart b.

[20] In *Williams v. Dep't of Veterans Affairs*, 510 F. Supp. 2d 912 (M. D. Fla. 2007), the plaintiff sought the personnel file of a Veteran's Administration employee but was denied access under FOIA's exemption 6.

at 227-28.  The judge in *Long* accepted that argument.  In addition, the court held that the information also was protected under FOIA's exemption 6 (§ 552(b)(6)).  *Id.* at 236.

Petitioners argue that I should apply the same analysis to this case and similarly find the information should not be disclosed.  Petitioners' argument is not persuasive.

In addition to the differences between Vaccine Act cases and cases involving FOIA's exemption 6 which were discussed in Part 2.a., there are several important distinctions between *Long* and the instant case.

Rather than seeking protection of their personal information under statutory provisions in the Vaccine Act, the plaintiffs in *Long* requested other individuals' vaccine information under FOIA.  The information they sought was not contained in vaccine decisions,[21] but submitted during vaccine proceedings.  Thus, § 12(d)(4)(A) applied and prohibited disclosure of the information.  Since § 12(d)(4)(A) qualifies as a withholding statute under exemption 3 (*see* FOIA § 552(b)(3)), the information qualified for protection under exemption 3.  This was the primary holding in *Long*, 778 F. Supp. 2d at 234.

In their motion for redaction, petitioners failed to recognize this distinction.  Like the special master in *House,* 2012 WL 402040, at *6, I agree with and adopt the reasoning in *Castagna*, 2011 WL 4348135, at *19.

Although the judge's ruling regarding exemption 3 would have been sufficient to reject the plantiffs' request in *Long*, the judge extended his analysis to cover exemption 6 as well.  *Long*, 778 F. Supp. 2d at 234-35.  Even though I have held the analysis regarding FOIA's exemption 6 is not relevant in § 12(d)(4)(B)(ii) analyses, petitioners further weaken their argument by misinterpreting *Long's* finding with regard to exemption 6.  Petitioners suggest that the outcome in *Long* shows the importance which should be attached to this type of information.  Pet. Motion at 12-13.

However, the precise holding in *Long* does not support that view.  In *Long*, the judge reached his decision **not** because he determined that individual privacy interests were strong enough to outweigh any public interest in disclosure, but because the public interest was so small that it was "non-existent."  *Long*, 778 F. Supp. 2d. at 236.  Determining that the information sought was, most likely, already available, the judge held that its disclosure would not increase the public's understanding and thus, would not serve FOIA's purpose.  *Id.*  The *Long* decision is not dispositive as it differs significantly from the issues and facts of this case.

    c.  The Requirements of § 12(d)(4)(B)(ii).

---

[21] The judge in *Long* did note that some of the information also may happen to appear in vaccine decisions but petitioners specifically requested the information provided when the petition was filed.  *Long*, 778 F. Supp. 2d at 236.

Like the petitioner in *Castagna*, petitioners have "not alleged that disclosure of this information will result in a particular harm or invasion of privacy" but rather voiced a "general preference for privacy." 2011 WL 4348135, at *10; *see* Pet. Motion at 1, 4, 6 (indicating a wish to protect the privacy of their child and alleging disclosure would be "detrimental," "prejudicial," and "irreparably damaging").

Although petitioners argue their minor child and family will be damaged by the release of the medical and educational information in my ruling, they have failed to provide any specific reasons that the information (already known to many third parties) would damage their child. Petitioners' minor child suffers from several medical conditions, some present since birth, and some which developed over time. Believing the influenza vaccine she received when almost six years old caused or significantly aggravated at least one of her illnesses, petitioners filed this claim.

Petitioners have not demonstrated that there is anything in the ruling which would affect the care petitioners' child is receiving or that would subject her to ridicule. Such speculative harm is not sufficient to justify redaction under § 12(d)(4)(B)(ii). Congress determined that Vaccine Act decisions, like other judicial decisions, should be publicly available. Given the nature of the cases expected to be filed under this new Act, Congress was certainly aware that medical records containing information regarding a petitioner's health, prognosis, treatment, etc., would be a large part of such decisions. Nevertheless, they explicitly provided for disclosure of Vaccine Act decisions. Congress could have provided the anonymity petitioners seek. It did not. It could have protected all medical information from disclosure. It did not.

### III. Conclusion.

Petitioners have not shown that disclosure of the information they seek to redact in my ruling would constitute a clearly unwarranted invasion of privacy under § 12(d)(4)(B)(ii). **Petitioners' motion for redaction is DENIED.**

Although petitioners did not request redaction of the minor child's birthdate, RCFC 5.2(a)(2) and the E-Government Act clearly authorize me to do so. Thus, in the interest of protecting the privacy of the minor child, I am ordering, *sua sponte*, this redaction. **The minor child's birthdate shall be redacted to reflect only the year.**

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
Denise K. Vowell
Chief Special Master
