# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 08-396V
Filed: November 5, 2014
Not To Be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
MATTHEW ANDERSON and              *
SUZANNE ANDERSON, parents and     *
natural guardians of N.C.A., a minor, *
                                  *
              Petitioners,        *    Autism; Petitioners' Motion for a
                                  *    Decision Dismissing their Petition;
         v.                       *    Insufficient Proof of Causation; Vaccine
                                  *    Act Entitlement
SECRETARY OF HEALTH AND           *
HUMAN SERVICES                    *
                                  *
              Respondent.         *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Robert Krakow, Law Office of Robert J. Krakow, P.C., New York, N.Y. for petitioners.
Alexis Babcock, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

**Vowell,** Chief Special Master:

On May 30, 2008, petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that N.C.A. was injured by a vaccine or vaccines listed on the Vaccine Injury Table. See § 14. The information in the record does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to redact medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be redacted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. [hereinafter "Vaccine Act" or "the Act"]. Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On November 4, 2014, the petitioners moved for a decision on the merits of the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

To receive compensation under the Program, petitioners must prove either 1) that N.C.A. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of N.C.A.'s vaccinations, or 2) that N.C.A. suffered an injury that was actually caused by a vaccine.   §§ 13(a)(1)(A) and 11(c)(1).  Examination of the record does not disclose any evidence that N.C.A. suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that N.C.A.'s alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone.  Rather, the petition must be supported by either the medical records or by a medical opinion.  § 13 (a)(1).  In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine.  For these reasons, in accordance with § 12(d)(3)(A), the **petitioners' claim for compensation is denied and this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Denise K. Vowell<br>
Denise K. Vowell<br>
Chief Special Master