# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 08-0396V
Filed: March 23, 2015
Not For Publication

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MATTHEW ANDERSON and SUZANNE ANDERSON, parents and natural guardians of, N.C.A., a minor, | \* \* \* \* \* |
| Petitioners, v. | \* \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* |
| Respondent. | \* |

Attorney Fees and Costs; Stipulation

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioners.
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program [hereinafter "the Program"],[2] the parties filed a Stipulation of Fact Concerning Attorney's Fees and Costs ["Stipulation"] on March 23, 2015. The Stipulation indicated that petitioners informally provided respondent with their application for attorney's fees and costs and petitioners' personal litigation costs.

The Stipulation indicates that, after informal discussions with respondent, petitioners now request an amount to which respondent does not object.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total $85,000.00[3] as follows:**

- **a lump sum of $85,000.00 in the form of a check payable jointly to petitioners, Matthew Anderson and Suzanne Anderson, and petitioners' counsel of record for petitioners' attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
**Denise K. Vowell**
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).